**IN RE: 800IDEAS.COM, INC., Debtor.**

**BK. No. 07–00207–LT7**

United States Bankruptcy Court, S.D. California.

Signed March 27, 2015

Christin A. Batt, Financial Law Group, La Jolla, CA, Geraldine A. Valdez, The Valdez Firm, Leslie T. Gladstone, La Jolla, CA, Maria J. Nunez, Nunez Law Corporation, San Diego, CA, for Trustee.

Anne Nelson, Gerald Role, United States Department of Justice, Washington, DC, Jeffrey Schlei, Internal Revenue Service, San Diego, CA, for United States Department of Justice.

Michael T. O'Halloran, San Diego, CA, for Debtor.

MEMORANDUM DECISION ON RE-MAND OF THE CHAPTER 7 TRUSTEE'S OBJECTION TO PROOF OF CLAIM # 6 (INTER-NAL REVENUE SERVICE)

LAURA S. TAYLOR, Chief Judge,
United States Bankruptcy Court

This matter comes before the Court on remand from the Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") and presents a narrow question: When a chap-

1.  Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, U.S.C. §§ 101–1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

2.  The bankruptcy case was initially assigned to Honorable James W. Meyers. Judge Meyers retired and, after serving on recall, left the United States Bankruptcy Court for the Southern District of California at the end of

ter 7[1] trustee (the "Trustee") incurs a statutory penalty for his unreasonable failure to timely file federal tax returns for an S corporation debtor, should the statutory penalty be accorded administrative priority under section 503(b)? The Court determines that the short answer is: Yes. Following are the Court's longer answer and its thoughts in response to the Trustee's articulated concerns that such an answer would result in unwarranted negative impact on all chapter 7 trustees.

**Procedural and Factual Background**

The Debtor, 800Ideas.com, Inc., is a California S corporation required to file annual tax returns reporting its income. *See* 26 U.S.C. § 6037(a). Generally, an S corporation does not pay federal income taxes; its shareholders, however, are taxed on their respective shares of the S corporation's income. *See* 28 U.S.C. § 1363(a). The S corporation return, thus, includes a Schedule K–1 pertaining to each of its shareholders. 26 C.F.R. § 1.6037–1(a). In 2007, Congress added § 6699 to the Internal Revenue Code ("IRC § 6699"), which imposes an automatic penalty on S corporations that unreasonably fail to timely file returns due after December 31, 2008.

Debtor filed its bankruptcy petition under chapter 7 in January 2007[2]; no one disputes that the Trustee was responsible for filing Debtor's post-petition tax returns beginning with the return for tax year 2006 and continuing through case closure.

2012. In December 2012, while the prior appeal in this matter was pending before the BAP, the bankruptcy case was referred to Bankruptcy Judge Laura S. Taylor for all further proceedings. The facts summarized herein are based on the Court's review of the electronic docket in the case and as set forth in the BAP's published decision. *See Kipperman v. IRS, et al. (In re 800Ideas.com, Inc.),* 496 B.R. 165 (9th Cir. BAP 2013).

*See* 26 U.S.C. § 6012(b). The Trustee filed the 2006 return in January 2010 [3] and sought an excise tax refund. In or about July 2011, after he received the 2006 excise tax refund, he filed the estate's returns for 2007 through 2010 [4]—all evidenced zero tax liability.[5] No one disputes that the Trustee failed to timely file these tax returns.

In January 2012, the Trustee gave notice of his Final Report and intent to distribute the liquidated assets of the estate, which consisted primarily of the 2006 excise tax refund in the amount of $36,150.33. In February 2012, however, the IRS filed a proof of claim, identified on the claims register as claim no. 6 ("Claim 6"). The IRS sought an administrative expense claim, in the amount of $ 18,667.17, for penalties and interest thereon for the tax periods ending December 31, 2008 and December 31, 2010. The Trustee promptly filed his Objection; he argued that the IRS assessed penalties and interest solely for late or unfiled Schedule K–1s and that the penalty and interest were not based on any unpaid tax incurred by the bankruptcy estate. As a result, he objected to the IRS request for administrative priority and sought to "treat this claim as a subordinated penalty claim under 11 U.S.C. § 726(a)(4)." *See* Dkt. # 67.

The Court overruled the Trustee's Objection. It found that the Trustee had not proved reasonable cause, within the meaning of IRC § 6699, for his failure to timely file the required returns and that the stat-

utory penalty, thus, was appropriate.[6] The Court, thus, allowed Claim 6 as an administrative expense claim with first priority under section 503(b)(1)(A) as an "actual, necessary costs and expenses of preserving the estate." The Trustee appealed to the BAP. The BAP affirmed on the issue of the Trustee's failure to show reasonable cause, but disagreed with the Court's conclusion that Claim 6 qualified for administrative priority under section 503(b)(1)(A). *In re 800Ideas.com, Inc.,* 496 B.R. at 168. It remanded the matter for this Court to decide whether Claim 6 should be given administrative expense priority for any other reason.[7] *Id.*

The Court obtained supplemental briefing from the parties specifically addressing the remanded issue. In its Opening Brief on Remand (Dkt. # 118), the IRS argued that its claim should be accorded administrative expense priority "as a general, unlisted administrative expense under [section] 503(b), as it was an expense incurred through the administration of the chapter 7 estate." The Trustee countered that: (1) no sufficient grounds existed to expand section 503(b) to include the IRC § 6699 penalties, especially where the penalties did not arise from the Trustee's wrongful conduct in operating the Debtor's business and the IRS suffered no pecuniary loss; (2) tax penalties were only allowed under section 503(b)(1)(B) and (C) and, thus, only when related to a tax incurred by the estate; and (3) fairness and equity re-

---

3. The Trustee retained Debtor's former accountants to prepare the 2006 return.

4. The Trustee retained a second accountant to prepare the returns for 2007 through 2010.

5. The Trustee did not operate the Debtor's business during the course of the chapter 7.

6. 26 U.S.C. § 6699(a)(2) provides, in relevant part, that: "such S corporation shall be liable

for a penalty ... unless it is shown that such failure is due to reasonable cause."

7. The IRS initially filed a notice of appeal from the BAP decision to the Ninth Circuit, then voluntarily dismissed the appeal. Both the subsequently dismissed appeal and then the parties' failure to appropriately bring the matter back to this Court's attention, delayed presentation of the remanded issue to the Court for decision.

quired subordination of Claim 6. *See* Dkt. # 130.

The Court entered a tentative ruling, outlining questions and concerns to be addressed in oral argument at the hearing held on January 15, 2015. Having reviewed the legal briefs ·filed on behalf of the Trustee and the United States of America (for the Internal Revenue Service) and the case and statutory authority presented therein, and having heard and considered the parties' oral argument,[8] the Court holds that Claim 6 is entitled to administrative priority under the general provisions of section 503(b).

## Discussion

■ Section 503(b) includes a list of nine categories of claims, which, after notice and a hearing, "shall be allowed [as] administrative expenses...." Subsection 503(b)(1)(C) provides administrative claim priority for penalties relating to certain taxes incurred postpetition. As the parties recognize, however, the statutory penalties involved here do not pertain to taxes **incurred** and, thus, are not ·covered by this specific provision. Nor are the statutory penalties asserted in Claim 6 elsewhere expressly included in section 503(b)'s list of administrative expense categories. The 'list, however, is non-exhaustive—the Court has discretion to determine whether another type of claim should be accorded administrative priority in a particular case. *In re Mark Anthony Constr., Inc.*, 886 F.2d 1101, 1106 (9th Cir.1989) ("[E]xpenses not specifically listed in the section can be deemed administrative expenses.").

■ Here, statutory penalties resulted when the Trustee failed, without reasonable cause, to comply with federal law. Congress's enactment of IRC § 6699 entitled the IRS to exact the penalty as a means to enforce prompt filing of S corporation tax returns, without regard to the S corporation's lack of tax liability for the reporting year.[9] The Trustee decided not to comply; and he did not convince either the bankruptcy court or the BAP that his decision was reasonable.[10] The Court, in considering the correct result here, cannot revisit this determination.

For the reasons discussed herein, the statutorily dictated consequences of the Trustee's unreasonable failure to comply should be borne by the estate at a level of priority that impacts not only the creditors of the estate but also the Trustee. Contrary to the Trustee's argument, this does not place an unfair burden on the Trustee. Further, no legitimate purpose would be served by permitting the Trustee to escape any consequence of his unreasonable inaction.

■ The Trustee's suggestion that Claim 6 should be relegated to general unsecured claim status is not well-reasoned. Such a rule could insulate a chapter 7 trustee who acts unreasonably from any consequence while visiting the negative consequences of his inaction exclusively on the unsecured creditors to whom he owes a fiduciary duty. And the Trustee's

---

8. Appearances were made as stated on the record.

9. This requirement is in contrast to a chapter 7 trustee's obligation to file a return for individual debtors, which is dependent upon the existence of taxable gross income after consideration of the available exemptions and standard deductions. *See* 26 U.S.C. § 6012(a)(8).

10. The BAP thoroughly presented its analysis of the ·factual and legal basis for its affirmance of the bankruptcy court's finding that the Trustee failed to show reasonable cause for his noncompliance, which is not repeated here. *See In re 800Ideas.com, Inc.*, 496 B.R. at 173–75.

mere suggestion that Claim 6 should be subordinated to avoid any impact on unsecured creditors is not an option available under the Code given the factual record and arguments presented here.[11] This Court finds that the only appropriate treatment of Claim 6 is as an administrative claim in the chapter 7 estate.

The Court found no decisional authority addressing claim priority for penalties under IRC § 6699 (other than the BAP decision from which this remand originated). Nonetheless, the Court's finding is supported by the Ninth Circuit's analysis and reasoning in *In re Mark Anthony Constr., Inc., supra,* and the rule established by the Supreme Court in *Nicholas v. United States,* 384 U.S. 678, 86 S.Ct. 1674, 16 L.Ed.2d 853 (1966). The Court does not find persuasive any of the Trustee's arguments and cited authorities to the contrary.

## A. Good reasons exist for administrative priority for the statutory penalties.

In *In re Mark Anthony Constr., Inc.,* the Ninth Circuit was presented with the question: "is the interest which accrues on taxes due after the filing of a bankruptcy petition afforded first priority status as an administrative expense of the bankruptcy estate?" 886 F.2d at 1101. The bankruptcy court held that the interest was not entitled to priority status. *Id.* On appeal to the BAP, a majority affirmed. *Id.* Judge Elliott, in his dissent, however, opined that the rule established by the Supreme Court in *Nicholas v. United*

*States* treating postpetition interest as an administrative expense under the Bankruptcy Act, "had not been 'expressly abrogat[ed]' with the passage of the 1978 Act and therefore remained in force." *Id.* at 1103 (internal citation omitted).

Because the Bankruptcy Code is silent on the priority of postpetition interest relating to postpetition taxes [*see* section 503(b)(1)(B) & (C)], the Ninth Circuit viewed the dispute as turning on whether *Nicholas* had "continuing vitality even after the adoption of the Bankruptcy Code." *Id.* It held that it did and reversed the judgment of the BAP. *Id.* at 1106. The Ninth Circuit reasoned that: Congress provided no basis for concluding that it had overruled *Nicholas*; treating interest no differently from the underlying tax on which it accrued under section 503 is consistent with the rest of the Bankruptcy Code; and "there is no logical reason why Congress would afford administrative treatment to penalties but not to interest." *Id.* at 1107–08 (internal quotation and citation omitted). The Ninth Circuit summarized that a contrary rule "makes little sense." *Id.* at 1108.

Here, treating the IRC § 6699 penalties as an administrative claim under section 503(b) is consistent with the rest of the Bankruptcy Code, and this Court sees no logical reason why Congress would afford administrative treatment to penalties on taxes incurred postpetition but not to penalties for an unexcused failure to file postpetition returns pursuant to a relatively newly enacted federal statute.[12] IRC § 6699, on its face, imposes penalties for

---

11. Contrary to the Trustee's argument in his Objection to Claim 6, subordination under subsection § 726(a)(4) is not available because that subsection pertains to penalties that arise before the earlier of the order for relief or appointment of the trustee. And equitable subordination under section 510(c) may not be applied categorically to postpeti-

tion noncompensatory tax penalties. *See United States v. Noland, Tr. for Debtor First Truck Lines, Inc.,* 517 U.S. 535, 116 S.Ct. 1524, 134 L.Ed.2d 748 (1996).

12. The Court notes that section 503 was last amended in 2005, before Congress enacted IRC § 6699 in 2007.

failure to file the informational returns despite the lack of tax liability. Case law existed in 2007 that recognized that the list of categories of claims entitled to administrative expense priority in section 503(b) is non-exhaustive. *See Mark Anthony Constr., Inc.,* 886 F.2d at 1106. Application of section 503(b) to include the IRC § 6699 penalties, which do not fit within any of the existing listed categories, is a logical and permitted means of enforcing IRC § 6699 within the context of a chapter 7 case.

The Trustee correctly noted in his Brief for Remand (Dkt.# 130) that one takeaway concept from the Ninth Circuit's decision in *Mark Anthony Constr., Inc.,* is that section 503(b) analysis and results should make sense. Here, administrative priority for the IRC § 6699 penalties makes sense to this Court. The Trustee is not exempt from his obligation to comply with federal tax reporting requirements, and, absent reasonable cause, he is not excused from the penalties exacted pursuant to IRC § 6699 for noncompliance with 26 U.S.C. § 6037. Unless the penalties are payable on a priority basis at least equal to the Trustee's commission in the case, in effect, the Trustee is exempt from any consequence of his noncompliance. The Court knows of no reasonable basis to insulate the Trustee for his noncompliance with federal tax reporting law. And such insulation would contrast jarringly with the express requirements under the Bankruptcy Code that debtors comply with federal tax reporting requirements or risk dismissal or conversion of their cases. *See, e.g.,* 11 U.S.C. § 521(e)(2) and (f). The Court sees no policy reason to hold a chapter 7 trustee to a lower standard of compliance with federal tax reporting law.

The Court's decision here is also consistent with the rule established by the Supreme Court in *Nicholas.* In *Nicholas,* the issues addressed by the Supreme Court included the question of the priority to be accorded penalties imposed solely because, in a bankruptcy that followed an arrangement proceeding under Chapter XI of the Bankruptcy Act, the trustee failed to file timely returns. 86 S.Ct. at 1685–86. It held that both interest **and** penalties were section 503(b) administrative claims. *Id.* Of particular significance here, the Supreme Court reasoned that "no legitimate interest would be served by permitting Trustee to escape the unburdensome responsibility of merely filing the returns." *Id.* at 1686.

In addition, the Court notes that the Trustee cites several cases decided under section 503(b)(1)(A) in support of his argument that no appropriate reason exists to expand section 503(b) as requested by the IRS; again, he argues that the IRS penalties should be treated as general unsecured claims. In particular, the Trustee cites the Ninth Circuit's decisions in *In re Abercrombie,* 139 F.3d 755 (9th Cir.1998), and *N.L.R.B. v. Walsh (In re Palau Corp.),* 18 F.3d 746 (9th Cir.1994). In these decisions, however, the Ninth Circuit addressed the types of claims justifying expansion of section 503(b)(1)(A) to claims incurred where a trustee's actions caused injury to third parties and following the *Reading v. Brown* [13] line of cases. This line of cases supports expansion of section 503(b)(1)(A) administrative expenses for actual, necessary expenses and costs to preserve the estate to include tortious injury claims caused by the estate's representative. As such, the reasoning is not helpful to this Court in the context of analysis of other, uncategorized claims entitled to priority generally under section 503(b). Nor do these decisions persuade

---

**13.** 391 U.S. 471, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968).

the Court that the IRC § 6699 penalties appropriately should be treated simply as general unsecured prepetition claims. To do so would be illogical as well.

## B. Administrative expense priority is warranted despite the lack of tax liability for the reporting years.

The Trustee argues that penalties for non-filing, where there is no pecuniary impact on the IRS resulting from the non-filing, are never entitled to administrative priority because they do not fall within section 503(b)(1)(B) and (C). The Trustee cites no authority for this bright line rule and overlooks the Court's discretion under section 503(b) to expand the list beyond the nine enumerated categories.

Here, the Trustee's obligation to timely file the tax returns for the S corporation was not driven by whether or not tax liabilities existed. As discussed above, IRC § 6699 is specifically not so limited. And the grounds for excuse provided in IRC § 6699 itself were not met. Plus, the required returns provide information to the IRS not only regarding a corporation's gross income and deductions, but also regarding its shareholders: their names and addresses, shares owned, amount of money and other property distributed to them by the corporation. *See* 26 U.S.C. § 6037(a). Such information may raise issues regarding tax reporters other than the debtor itself. The Trustee, and the estate, must be held to the consequences of the Trustee's unreasonable failure to provide the required information timely.

The Trustee also cites *In re Unitcast, Inc.,* 214 B.R. 1010 (Bankr.N.D.Ohio 1997), in support of his argument that penalties may only be accorded administrative expense priority to the extent they fall within the parameters of subsections 503(b)(1)(B) and (C). The *Unitcast* decision, however, was issued in response to an IRS post-

conversion request for disgorgement of chapter 11 professional's administrative fees in order to allow possible pro rata distribution to the IRS on its alleged administrative claim. 214 B.R. at 1013–14. The IRS's alleged administrative claim was based, in part, on penalties associated with the chapter 11 debtor's failure to fund its pension plan. *Id.* at 1013. The bankruptcy court was not faced with an unexcused nonperformance by the chapter 7 trustee of a federal statutory obligation. As such, this Court finds *Unitcast* distinguishable and declines to adopt the analysis and conclusions therein.

The Trustee also argues that, as part of this Court's section 503(b) analysis, the decision and reasoning in *In re Towler,* 493 B.R. 239 (Bankr.D.Colo.2013), "dictates" that this Court must first determine if the penalties constitute a tax or, instead, an exaction. The Court does not find the Trustee's argument based on *Towler* persuasive or even helpful. First, this Court is not bound by the Colorado bankruptcy court's decision or analysis. Second, the case is factually and contextually distinguishable. *Towler* is not a section 503(b) case. *Towler* involved a chapter 13 plan confirmation and objections to alleged discriminatory treatment of nondischargeable penalties. 493 B.R. at 241–42. The determination required interpretation of section 507(a)(8) in the context of claim priority determinations. *Id.* at 242–43. The Trustee's *Towler* analysis fails to persuade the Court that the analysis therein should be considered here in the context of section 503(b) analysis. And third, the penalty here is unquestionably a penalty, not a tax.

## C. Administrative priority is fair and equitable here.

Administrative priority for penalties incurred postpetition pursuant to IRC § 6699 encourages chapter 7 trustee com-

pliance with unburdensome reporting requirements. And requiring trustees to comply with federal tax reporting requirements is fair and not a new requirement.

The thrust of the Trustee's argument that fairness and equity require a different result, may be summarized as follows: because no tax was ever going to be owed, the failure to file returns by the Trustee harmed no one. Thus, neither the Trustee nor the estate should be negatively impacted. The Trustee argues that the IRS suffered no pecuniary loss as a result of the non-filing, but would, in effect, receive a windfall if the penalties are accorded administrative claim status. From the Trustee's perspective, the only result of a ruling in IRS's favor is negative—as to the Trustee and the estate. The Trustee argues he made every effort to "economically and efficiently administer" the otherwise "no asset" estate. And therefore, the Trustee argues, under the facts here, the IRS does not "deserve" statutory expansion under section 503(b) such as granted in the *Reading* line of cases under section 503(b)(1)(A).

The Trustee's arguments, however, ignore the finding made by the bankruptcy court and affirmed by the BAP that the Trustee had no reasonable cause to fail to timely file the returns. That issue was conclusively decided and must not be revisited here. The Trustee had options to protect the estate from such penalties and other bankruptcy trustees in the future do as well. The Court emphasizes that a penalty will only occur where a trustee **unreasonably** fails to file returns.

Where a chapter 7 trustee administers the estate of an S corporation debtor, he has options. He can independently determine that not filing the returns would be reasonable under the circumstances. Such a determination by a trustee, however, would be subject to challenge as to "rea-

sonable cause" under IRC § 6699. The trustee is not without remedy, however; he can take proactive measures. By so doing, he protects the estate from assessment of penalties under IRC § 6699. Such actions include the following:

- Request relief from the IRS;
- If the IRS is not responsive, or questions remain, seek a protective order or determination from the bankruptcy court;
- Close the case before the return is due; or
- Negotiate with the debtor's principals to fund the cost of preparation of the returns.

Bankruptcy trustees, thus, have multiple tools available to assist them in fulfilling their obligations under both the Internal Revenue and Bankruptcy Codes. The Trustee here pursued none of these possible avenues and was found to have acted unreasonably when he delayed filing of the tax returns. Under the circumstances here, the statutory penalties are appropriately accorded administrative priority in the chapter 7 case.

## CONCLUSION

Strong public policy requires compliance with federal tax laws. Debtors must comply with these laws; chapter 7 trustees are not held to a lower standard that would allow them to escape the statutory consequences of unreasonable inaction. Congress enacted IRC § 6699 to exact compliance with tax reporting requirements for S corporations and this Court cannot remake that law in order to protect the Trustee from the consequences of his noncompliance. Nor should it. For all the reasons discussed above, the IRS is entitled to administrative priority for Claim 6 under the general provisions of section 503(b). The IRS must submit an order consistent

with this Memorandum Decision within fourteen (14) days of entry of this Memorandum Decision.